UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TEODORE DE LA T.M.,[1]

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, et al.,

Respondents.

No. 1:26-cv-03789-TLN-CSK

A# 079-352-778

**ORDER**

This matter is before the Court on Petitioner Teodore De La T.M.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 9.) Petitioner filed a reply. (ECF No. 15.) For the reasons set forth below, the Petition is DENIED.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner entered the United States on an unknown date and at an unknown location. (ECF No. 9-1 at 2, 9.) On November 5, 2001, Petitioner was convicted of sex with a minor more than three years younger than him and spousal battery. (*Id.* at 2, 13.) On or about February 10, 2003, immigration authorities encountered Petitioner at the San Joaquin County Jail. (*Id.* at 3, 9, 42.) On July 30, 2003, an immigration judge ordered Petitioner removed, and he was removed from the United States on September 30, 2003. (*Id.*) Immigration authorities subsequently removed Petitioner from the country six more times —five times pursuant to reinstated removal orders and once pursuant to expedited removal order. (*Id.* at 3, 9.) They most recently removed Petitioner on September 30, 2023. (*Id.*) In the intervening time, Petitioner committed additional criminal offenses in the United States, including battery and failure to register as a sex offender. (*Id.* at 3–4.)

On May 6, 2026, immigration authorities detained Petitioner due to his having a final order of removal. (ECF No. 9-1 at 5, 8, 56, 59, 61.) On the same day, Petitioner was processed for reinstatement of his July 30, 2003, final administrative order of removal. (*Id.*) Petitioner has been detained at the Golden State Annex Detention Facility since that date. (ECF No. 1 at 3.)

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on May 18, 2026, alleging his detention without a hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1.) Shortly thereafter, the Court appointed counsel for Petitioner. (ECF Nos. 4, 10.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III. ANALYSIS**

Petitioner contends his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16.) Respondents contend that Petitioner's detention is lawful and mandatory under 8 U.S.C. § 1231(a)(2) because he is subject to a final order of removal. (ECF No. 9 at 4–5.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693.

However, under 8 U.S.C. § 1231(a), when a noncitizen has been ordered removed, the government is required to remove the noncitizen within the 90-day period after the order becomes final (the "removal period"). 8 U.S.C. § 1231(a)(1)(A), (B). During the removal period, the government is also required to detain the noncitizen to effect such removal. 8 U.S.C. § 1231(a)(2). In the context of reinstated removal orders, the 90-day removal period begins to run on the date "when petitioner's prior removal order [is] reinstated." *Aguilar Guerrero v. Warden of the California City Det. Facility*, No. 1:26-CV-2499-TLN-JDP, 2026 WL 1329734, at *2 (E.D. Cal. May 13, 2026), *report and recommendation adopted sub nom. A.G. v. Warden of the California City Det. Facility*, No. 1:26-CV-2499-TLN-JDP, 2026 WL 1457552 (E.D. Cal. May 22, 2026); *see also Alva v. Kaiser*, No. 25-CV-06676-RFL, 2025 WL 2419262, at *3 (N.D. Cal. Aug. 21, 2025) (finding same); *Castillo v. Chestnut*, No. 1:25-CV-01296-SAB-HC, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) (finding same). The Ninth Circuit has made clear that detention under 8 U.S.C. § 1231(a)(2), which is limited in duration, "passes constitutional scrutiny." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Here, Petitioner was detained within the 90-day removal period, and he filed the Petition within the removal period. On May 6, 2026, Petitioner's removal order was reinstated, and the 90-day removal period began to run. On the same day, he was detained by immigration

authorities because he had a final order of removal. (ECF No. 9-1 at 5, 8, 56, 59, 61.) Petitioner filed his habeas petition only twelve days later on May 18, 2026. (ECF No. 1.) Thus, at all times relevant herein, Petitioner was subject to 8 U.S.C. § 1231(a)(2) and the government was required to detain him.

Because Petitioner was subject to mandatory detention and he filed his Petition within the removal period, he is not entitled to habeas relief at this time. *See Khotesouvan*, 386 F.3d at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions.") (citing 8 U.S.C. § 1231(a)(2)).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;
2. Petitioner's Motion for TRO (ECF No. 3) is DENIED as moot; and
3. The Clerk of the Court shall enter judgment and close this case.

IT IS SO ORDERED.

DATE: July 30, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE